IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MITCHELL RUTOSKEY | § | |
| (BOP Register No. 10560-014), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-655-B-BN |
| | § | |
| DJ HARMON, Warden, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner John Mitchell Rutoskey, a federal prisoner incarcerated in the

Northern District of Texas under a 2014 criminal judgment from the Eastern District

of Texas, *see* Dkt. No. 3 at 1 (referencing cause number 4:12-cr-89 (01) in that court),

has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in

which he invokes 28 U.S.C. § 2255(e), the savings clause of Section 2255, to challenge

the validity of his conviction through a Section 2241 habeas proceeding in this Court,

*see, e.g.,* Dkt. No. 3 at 2 ("The [Eastern District of Texas] has taken an unlawful

amount of time to respond to the petition[er]'s 28 U.S.C. § 2255 motion inasmuch [as]

there has been over 16 months or 500 days since petitioner has submitted a response

to the Government's response to the 28 U.S.C. § 2255 motion. Hence, a manifest

miscarriage of justice continues to be perpetrated upon petitioner and the § 2255

procedures have been inadequate, ineffective, and not exactly commensurate with the

pre-existing habeas corpus procedures.").

His Section 2241 petition has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2241 petition for lack of jurisdiction.

## Legal Standards and Analysis

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846, at *5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming such a summary dismissal))).

The United States Court of Appeals for the Fifth Circuit recently summarized

the law applicable to Section 2255's "savings clause":

> Section 2255 provides "the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed." *Id.* A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. *Id.* at 877-78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).

> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016) (per curiam).

Rutoskey simply has not shown that any delay in the disposition of his Section 2255 motion pending in the Eastern District of Texas makes the Section 2255 remedy inadequate or ineffective such that he may pursue the same claims under Section 2241. *See Frederick v. Fleming*, No. 3:03-cv-2698-L, 2004 WL 258224, at *2 (N.D. Tex. Feb. 5, 2004) ("Petitioner has not cited any authority, nor has this court found any case law, which holds that mere delay in the disposition of a § 2255 motion constitutes a basis for finding that a federal prisoner's § 2255 remedy is ineffective or unavailable."), *rec. adopted*, 2004 WL 614854 (N.D. Tex. Feb. 26, 2004); *Bhatia v. Holder*, No. 5:13-cv-74-

DCB-MTP, 2014 WL 5529204, at *9 (S.D. Miss. Nov. 3, 2014) ("Petitioner indicates that he has a Section 2255 petition pending in the sentencing court. However, he argues that he has been 'subjected to an inadequate-akin-to-no-remedy § 2255 proceeding' because of the sentencing court's 'inordinate – about 24 months – delay' in deciding his petition. First, a 24-month 'delay' in ruling on a Section 2255 habeas petition is not necessarily an inordinate delay. Second, a time delay does not meet the stringent requirements set forth in *Reyes-Requena*. Petitioner has failed to come forward with any evidence to show the inadequacy or ineffectiveness of a motion under Section 2255. Accordingly, to the extent Petitioner is challenging the validity of his conviction and sentence, Petitioner cannot pursue these claims in a Section 2241 petition." (citations omitted)); *cf. Adam v. Hagan*, 325 F.2d 719, 719 (5th Cir. 1963) (holding that, "[a]s to the assertion that habeas corpus assures speedier relief than § 2255, we perceive no basis for any such distinction. The remedy under 28 U.S.C.A. § 2255 is not inadequate or ineffective.").

Rutoskey therefore "has not met all three criteria required to invoke the savings clause," Section 2255(e), making his claims "not cognizable in a § 2241 petition," and leaving this Court "without jurisdiction to consider the petition." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *2 (N.D. Tex. July 23, 2015) (citing *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)).

### Recommendation

The Court should summarily dismiss the petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 9, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE